## UNITED STATES *v.* HOSMER.

The 3d section of the act of August 6th, 1861, which enacts that

" All the acts, proclamations, and orders of the President of the United States, after the 4th of March, 1861, respecting the army and navy of the United States, and calling out or relating to the militia or volunteers from the States, are hereby approved, and in all respects legalized and made valid, to the same intent, and with the same effect, as if they had been issued and done under the previous express authority of the Congress of the United States,"

validates and ratifies a proclamation and orders of the President, made in May, 1861; and where such proclamation and order promised to privates who entered the service a bounty of $100, "*when honorably discharged,*" a private entering on the 15th July, 1861, is entitled to the bounty whenever honorably discharged; though he have served less than six months. The act of 22d July, 1861, the 1st section of which provides that

" All provisions of law applicable to three years volunteers shall apply to two years volunteers, and to all volunteers *who have been* or may be accepted into the service of the United States for a period not less than six months,"

and whose 5th section provides that $100 shall be paid to privates "*honorably* discharged," who shall have served "*two years, or during the war, if sooner ended,*" does not apply to him.

THIS was an appeal by the United States from the judgment of the Court of Claims, giving to a discharged soldier a bounty which he claimed of $100.

*Mr. Talbot, for the United States; Mr. Schouler, contra.*

Mr. Justice SWAYNE stated the case and delivered the opinion of the court.

The case was decided by the Court of Claims, upon a demurrer to the claimant's petition. The facts set forth in the petition were admitted by the demurrer. The only question before the court was the sufficiency of the facts alleged to warrant the judgment invoked. The case is presented for our consideration in the same manner. We cannot take cognizance of any fact beyond the scope of the record, as it was made up in the court below.

The petition sets forth that the claimant was a private in company B of the 15th regiment of Massachusetts Volunteers; that he was enrolled and enlisted in the service about the 15th of July, 1861, and was honorably discharged by reason of a surgeon's certificate of disability on or about the 5th of January, 1863; that on the 3d of May, 1861, the President called for a volunteer force for the enforcement of the laws, and the suppression of insurrection, by a proclamation, which stated that the details would be made known through the Department of War; that general order No. 15 of the War Department, of May 4th, 1861, and general order No. 25 of that department, of May 26th, 1861, provided that every private who entered the service under the plan set forth should be paid, when honorably discharged, the sum of one hundred dollars; that by the act of Congress of August 6th, 1861, the proclamation and orders were legalized; that the petitioner had duly demanded the sum of one hundred dollars; that his claim had been rejected by the paymaster-general; and that this rejection had been approved by the second comptroller. By consent, the petition was amended by inserting at the proper place that the regiment was organized and accepted under the proclamation and orders before mentioned for the term of three years; and that the petitioner was duly enrolled in the regiment. The United States demurred. The Court of Claims overruled the demurrer, and gave judgment for the petitioner. The United States thereupon brought the case by appeal to this court. The proclamation of the President and the orders of the

War Department, relied upon by the claimant, are correctly set forth in the petition, and need not be more particularly adverted to.

The 3d section of the act of August 6th, 1861,* declares that " all the acts, proclamations, and orders of the President of the United States, after the 4th of March, 1861, respecting the army and navy of the United States, and calling out or relating to the militia or volunteers from the States, are hereby approved, and in all respects legalized and made valid, to the same intent, and with the same effect, as if they had been issued and done under the previous express authority of the Congress of the United States."

This made the case of the petitioner complete. It was unquestionably within the proclamation and orders thus legalized. Congress gave the same validity to the claim as if the petitioner had entered the service under an antecedent statute containing exactly the provisions of the orders under which the claim has arisen.

The attorney for the United States relies upon the act of the 22d of July, 1861.† The 1st section of that act provides that " all provisions of law applicable to three years volunteers shall apply to two years volunteers, and to all volunteers *who have been* or may be accepted into the service of the United States for a period not less than six months." The 5th section provides that $100 shall be paid to privates "honorably discharged," who shall have served " two years, or during the war, if sooner ended."

This was the first act passed by Congress for calling out troops to suppress the rebellion. It is insisted that it is retrospective as well as prospective in its operation; that it applies to volunteers who entered the service prior to its passage, under the proclamation, as well as those who entered subsequently under its provisions; and that the petitioner, not having served two years at the time of his discharge, was hence not entitled to the hundred dollars in question. It is unnecessary to consider this subject. Con-

---

* 12 Stat. at Large, 326.                    † Ib. 268.

ceding the construction contended for to be correct, the consequence insisted on by no means follows. The prior act must yield to the later one. The act of August 6th ratifies the proclamation and orders in the strongest terms. It contains no exception or qualification. It gives to the orders the fullest effect, and leaves the claim of the petitioner in all respects as it would have been if the act of the 22d of July had not been passed. We may add that it would not comport with the dignity of the government thus to break faith with the gallant men who in that hour of gloom stood forth to peril their lives for their country. Viewing the two acts together, we are confident such was not the intention of Congress.

JUDGMENT AFFIRMED.